## HARMON DOANE v. NEW ORLEANS AND OHIO TELEGRAPH COMPANY.

Where property is seized under attachment, and the property is bonded, the surety, in proceedings against him, will not, after judgment unappealed from by defendant, be allowed to show that the attorneys who filed an answer for the defendant were not authorized to represent the defendant.

A surety is bound to ascertain his principal, and where, by mistake, he signs a bond for the lessee of the owner, instead of for the owner himself, to release property from attachment, he will be bound; for, if he had not signed the bond, the property would not have been released and the attachment dissolved.

Where, in such a case, judgment has been rendered against the owner, and execution has issued against him, and has been levied on his property, and his lessee enjoins the sale, the surety on the attachment bond, being also surety on the injunction bond, cannot set up his mistake as a defence to proceedings against him. He should not be allowed to aid in defeating the levy, and then set up his own act as matter of defence.

A rule against a surety on an attachment, if taken after the actual return of an execution against the principal, is regular, even though taken before the return day named in the execution.

A PPEAL from the Sixth District Court of New Orleans, *Cotton*, J. *L. L. Levy*, for plaintiff. *Semmes & Edwards* and *T. Hunton*, for defendant and appellant.

MERRICK, C. J. The appeal is taken in this case by the surety on an attachment bond, he having been condemned to pay the judgment rendered against the defendant, the Telegraph Company.

Four grounds are relied on by the appellant for the reversal of the judgment.

I. The first ground is that "there was no valid judgment against the defendant, because *Semmes & Edwards*, the attorneys, were employed by *Mr. Brother*, the agent of the *lessees* of the telegraph, and not the agent of the defendant." *Messrs. Semmes & Edwards* having filed the answer in the original attachment, suit in which judgment was rendered against the Telegraph Company, offered

DOANE<br>v.<br>TELEGRAPH Co.

on the trial of the rule against the surety to prove by *Thomas J. Semmes* that the firm of *Semmes & Edwards*, who filed the answer to plaintiff's petition, were employed by *Mr. Baker*, the manager of the lessees of the Telegraph Company in this city ;. that they had no connection, direct or indirect, with the defendant, or its President or Directors, and that the distinction between the lessees of the company and the company itself did not occur to counsel. This testimony was rejected in the lower court, and the defendant in the rule reserved his bill of exceptions. Had the testimony been received, we do not think it would have affected the question before the court. There was another party interested, whose rights the defendant in the rule seems to have overlooked, and that was the plaintiff in the suit. He, so far as it appears, commenced his suit regularly by attachment; the defendant was regularly in court to the extent, at least, of the property attached. Now it would be trifling with his rights to permit persons who have undertaken to represent the defendant to say that they did so by mistake. Such persons might render themselves responsible in damages to the defendant, but it would be an extraordinary case which would induce the court to hold, in a collateral proceeding, a judgment rendered even in an attachment suit, void, where property of the defendant has been attached. So long as the defendants, whose property had been attached, have not appealed or in any manner disapproved of the acts of the counsel who represented them, it is to be presumed that they were satisfied with the same. The testimony offered, unsupported by the oaths of the officers of the company, and the agent, *Mr. Brother*, would have been without influence on the result of this case, even if the testimony were deemed admissible. 3 Ann., 558.

II. The second ground is that "the surety expected, when he signed the bond, that his principal would be the New Orleans and Ohio Telegraph Company, instead of that, it turns out to be the bond of the lessees."

The principal named in the bond is the "New Orleans and Ohio Telegraph Line." It is signed, however, by "*S. D. Baker*, manager of the New Orleans office for the lessees of the New Orleans and Ohio Telegraph Line." The question before us is one between the surety and the plaintiff. It is clear that if the surety had not signed the bond the attachment would not have been dissolved, and the plaintiff deprived of his privilege upon the property attached. If there is any loss it ought to fall upon the surety and not upon the plaintiff, for it is by the intervention of the surety in the bond, such as it is, that the plaintiff has been deprived of his security upon the property attached. Moreover, the defendant in the rule was bound to ascertain who was his principal in the bond, and whether the *lessees* of the Telegraph Company, or the Company itself, is the principal, is a question which concerns himself more than it does the plaintiff.

III. The third ground urged is, that "the execution (issued against the principal) shows that property was found, and that plaintiff, by countermanding his own execution, released it." The return on the *fi. fa.* shows that the Sheriff was enjoined from seizing and taking into his possession the furniture, fixtures and movable effects of the Telegraph office at the corner of St. Charles and Gravier streets, in this city, and from interfering with the possession and use thereof by the lessees, and the Sheriff returned the writ by order of plaintiff's attorney, "no other property having been found after due demand made of the parties."

It is true by the Act of 1839, amending Article two hundred and fifty-nine,

64

DOANE
v.
TELEGRAPH CO.

it is provided that the plaintiff may proceed on the attachment bond against the surety " on the return of the Sheriff that no property has been found, and on exhibiting to the court said obligation duly transferred to him." Acts 1839, p. 162. But in this case we find, on an examination of the injunction bond that *Logan McKnight* is surety on that also. He ought not to be permitted to aid in defeating the levy of the execution, and then set up the want of such levy as the reason why he should not pay the attachment bond.

IV. The fourth objection is that the rule on the surety was taken before the return day mentioned in the writ. . It was sufficient that the rule was taken after the return of the writ, although the writ was returned before the return day. *Guay* v. *Andrews*, 8 Ann., 141 ; *Holmes* v. *Steamboat Belle Air*, 5 Ann., 523.

Judgment affirmed.